UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. VIRGA, et al.,<br><br>　　　　　Defendants. | No. 2: 17-cv-0851 KJN P<br><br><br>ORDER |

　　　Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 7.)

　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3  § 1915(b)(2).
4        The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18 1227.
19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25 sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific
26 facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
27 the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93
28 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

*Plaintiff's Allegations*

Named as defendants are Warden T. Virga, Warden J. Macomber, California Department of Corrections and Rehabilitation ("CDCR"), CDCR Director, Sacramento Institutional Classification Committee ("Sac ICC"), T. Hinrichs, J. Lynch, S. Schmidt, M. Rustad. R. Heise, C. Hurd and B. Strohmaier. All of the individually named defendants are located at California State Prison-Sacramento ("CSP-Sac"). Plaintiff is presently housed at California State Prison-Lancaster ("Lancaster").

Plaintiff alleges that he has been denied single cell housing, and adequate mental health treatment, during two different periods of incarceration at CSP-Sac, i.e., from April 2011 to July 2016, and from February 24, 2017 to March 17, 2017. Plaintiff also alleges that during the first period of incarceration, he was improperly housed in cells that contained side by side by beds which aggravated his mental health problems. The undersigned sets forth plaintiff's allegations herein.

Plaintiff alleges that when he was first incarcerated 26 years ago, he had no history of mental or psychiatric problems. During his incarceration, plaintiff witnessed many violent acts which caused him to develop depression. In 2004, a prison clinician recommended that plaintiff receive single cell status. Prison officials denied this request because plaintiff had no history of in cell violence or predatory behavior. After the request for single cell status was denied, plaintiff appears to claim that his mental health deteriorated and he attempted suicide.

On April 22, 2011, plaintiff was transferred to CSP-Sac. Due to disabilities, plaintiff required housing in a lower tier cell in a lower bed. Plaintiff was ultimately moved to a cell that had side by side beds, which would "become a detriment to [plaintiff's] mental capacity." Plaintiff tried to be excluded from this type of housing arrangement, but his requests were denied. Plaintiff refused such housing and was placed in administrative segregation ("ad seg").

Plaintiff alleges that defendant Warden Virga allowed plaintiff to be housed in the side by side beds even though he knew that it would harm plaintiff's mental health. On December 19, 2011, plaintiff volunteered to have his lower tier accommodation chrono rescinded so that he would not have to be in a cell with side by side beds.

Plaintiff alleges that in June 2011, he had a mental breakdown and was placed in CSP-Sac's Crisis Treatment Center ("CTC"). Plaintiff was moved to ad seg after being discharged from CTC. Following his transfer to ad seg, prison officials still tried to house him with cellmates. Plaintiff received rules violation reports for refusing cellmates. Because prison officials refused to grant him single cell status, plaintiff refused to leave ad seg. Plaintiff alleges that defendant Macomber "confirmed" the rules violation report.

Plaintiff alleges that defendant Rustad wrongly charged him with refusing a cellmate, i.e., inmate Williams. Plaintiff alleges that he and inmate Williams should not have been housed together because they both required the bottom bunk due to disabilities.

Plaintiff alleges that on May 28, 2014, he received single cell status, which was later revoked. Plaintiff goes on to allege that a few years later, defendant Sac ICC refused his request for single cell status. Plaintiff also claims that he told defendant Sac ICC that his mental health needs could not be met at a Level IV prison. Plaintiff was forcibly escorted to Facility B on May 2, 2016. Upon his arrival at Facility B, plaintiff alleges that he told defendant Heise of his mental health and housing concerns. Plaintiff claims that defendant Heise wrote a report that falsely stated that plaintiff had enemy concerns. Plaintiff alleges that on May 17, 2016, defendant Strohmeier issued plaintiff a rules violation report for refusing a cellmate.

In July 2016, plaintiff was transferred away from CSP-Sac. In February 24, 2017, plaintiff was temporarily returned to CSP-Sac in order to participate in a settlement conference in case no. 2:13-cv-1021 JAM KJN P. Plaintiff alleges that while housed at CSP-Sac for the settlement conference, he received retaliatory treatment. For example, when he arrived at CSP-Sac on February 24, 2017, he was single celled. However, on March 2, 2017, the day of the settlement conference, plaintiff's single cell status was revoked.

////

Plaintiff alleges that while he was housed in the CSP-Sac ad seg from February 24, 2017 to March 2, 2017, prison officials refused to provide him with clothing. Plaintiff only had the paper jumpsuit, paper boxers, paper t-shirt and hard sole shoes provided to him at Wasco State Prison. Plaintiff also alleges that his cell was filthy.

On March 3, 2017, plaintiff refused to be moved to a cell with another inmate. Thereafter, arrangements were made for plaintiff to be housed in a single cell. After plaintiff arrived at the building where the single cell was located, he told defendant Hurd that he was going to file grievances on this matter. Defendant Hurd and two other officers responded, "Good luck on that. We run the appeal system." Plaintiff filed his grievance on March 5, 2017. Plaintiff alleges that while housed in the single cell, he was not provided with proper clothing. Without proper clothing, he could not attend outside activities, medical appointment or groups. Plaintiff alleges that his feet bled due to improper shoes. On March 17, 2017, plaintiff was transferred to Lancaster.

*Claim One*

In claim one, plaintiff alleges that defendants Virga, Macomber, Sac ICC and Schmidt violated his Eighth Amendment rights.

At the outset, the undersigned finds that Sac ICC is not a proper defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Sac ICC is not a "person acting under color of state law." Accordingly, the Eighth Amendment claim against defendant Sac ICC is dismissed.

Plaintiff alleges that defendants Virga, Macomber and Schmidt should have known that the denial of his requests for single cell status caused him significant physical and mental harm.

Other than the allegations specifically alleged in support of claim two, as discussed herein, the complaint contains no specific allegations against defendant Schmidt. The Civil Rights Act under which this action was filed provides as follows:

////

5

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Because plaintiff has failed to link defendant Schmidt to the alleged deprivations, the claims against this defendant are dismissed.

The only specific allegation against defendant Warden Virga is contained at page 16 of plaintiff's complaint:

////

6

> Defendant Virga, SAC Warden, condoned such practice where because the administration was so determined to force plaintiff in such condition, although knowing of the imperial [sic] their decision will have on his mental and physical wellbeing, it did not cease them from doing so.

(ECF No. 1 at 16.)

These allegations are vague and conclusory. The undersigned cannot determine how plaintiff is claiming defendant Virga participated in the decisions to deny his requests for single cell status or place him in side by side cells. Accordingly, these claims against defendant Virga are dismissed.

The undersigned observes that in support of his claim against defendant Virga, plaintiff cites exhibits F and G, attached to his motion for injunctive relief filed with the complaint. (Id., ECF No. 3-1 at 15-18.) These exhibits do not link defendant Virga to the alleged deprivations. In any event, plaintiff cannot rely on exhibits to state his claims. Plaintiff's complaint must specifically describe how defendant Virga allegedly violated his constitutional rights.

The only specific allegation against defendant Macomber is that he "confirmed" the rules violation report charging plaintiff with refusing to be housed with inmate Williams. An exhibit attached to plaintiff's motion for injunctive relief indicates that plaintiff was assessed a 90 days credit loss for refusing to be housed with inmate Williams. (Id. at 34.) Defendant Macomber denied plaintiff's second level grievance challenging the rules violation. (Id. at 34-35.) In his grievance, plaintiff argued that he was not guilty of refusing assigned housing because he and inmate Williams could not be housed together as they both had lower bunk chronos. (Id.) Defendant Macomber denied plaintiff's request to overturn the guilty disposition. (Id. at 35.)

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a prisoner-plaintiff's civil rights complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 486-87. In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to civil rights claims that, if successful, would imply the invalidity of deprivations of good-time credits in prison disciplinary proceedings. Id. at 643-47.

1    If plaintiff is claiming that defendant Macomber wrongly found that he was guilty of the
2 rules violation because he was not guilty of the offense for the reasons alleged in the grievance,
3 plaintiff's claim against defendant Macomber is barred by Heck and Edwards unless the 90 days
4 credit loss has been invalidated, overturned or restored. Accordingly, this claim is dismissed.
5 Plaintiff should include this claim in an amended complaint only if it is not barred by Heck and
6 Edwards.

7    *Claim Two*

8    In claim two, plaintiff alleges that defendants Virga, Macomber, Schmidt, Sac ICC,
9 Lynch, Hinrichs, Rustad, Heise, Hurd and Strohmaier conspired to violate his constitutional
10 rights. Plaintiff alleges that these defendants conspired to deprive plaintiff of his right to mental
11 health care, the right to obtain a parole date, the right not to be punished for acts linked to his
12 mental illness, the right not to be discriminated against because of his mental illness, the right not
13 to be retaliated against because of his mental illness, the right to receive a fair and impartial
14 hearing, and the right not to be subjected to bodily harm.

15   As discussed above, Sac ICC is not a proper defendant. Accordingly, claim two against
16 defendant Sac ICC is dismissed.

17   A conspiracy claim brought under section 1983 requires proof of "'an agreement or
18 meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th
19 Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41
20 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights. Hart v.
21 Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma,
22 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not
23 know the exact details of the plan, but each participant must at least share the common objective
24 of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).
25 The federal system is one of notice pleading, and the court may not apply a heightened pleading
26 standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San
27 Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d
28 1119, 1126 (9th Cir. 2002). However, although accepted as true, the "[f]actual allegations must

1  be [sufficient] to raise a right to relief above the speculative level...." <u>Bell Atlantic Corp. v.</u>
2  <u>Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  A plaintiff must set forth "the
3  grounds of his entitlement to relief [,]" which "requires more than labels and conclusions, and a
4  formulaic recitation of the elements of a cause of action...." <u>Id.</u> at 1964-65 (internal quotations
5  and citations omitted).  As such, a bare allegation that defendants conspired to violate plaintiff's
6  constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

7  Plaintiff has not pled sufficient facts to support his conspiracy claim.  The complaint
8  contains no allegations demonstrating an agreement or meeting of the minds of the defendants
9  listed above to violate plaintiff's constitutional rights.  Accordingly, plaintiff's conspiracy claim
10 is dismissed.

11 In support of claim two, plaintiff alleges that a "prime example" of this type of conspiracy
12 was defendant Schmidt's progress note.  Plaintiff alleges that defendant Schmidt, a Licensed
13 Clinical Social Worker, conducted plaintiff's Rules Violation Report Mental Health Assessment.
14 Plaintiff alleges that defendant Schmidt wrote that there were no mental health factors which
15 appeared to contribute to the behavior that led to the rules violation report.  Plaintiff alleges that
16 defendant Schmidt also wrote that no mental health factors existed that the hearing officer should
17 consider.  Plaintiff argues that defendant Schmidt could not have completed the report in the short
18 period of time documented.  Plaintiff argues that defendant Schmidt later prepared another
19 Mental Health Assessment, apparently for a different prison disciplinary.  Plaintiff argues that in
20 the later Mental Health Assessment, defendant Schmidt found that the hearing officer should
21 consider plaintiff's mental health when assessing the penalty.

22 Plaintiff appears to argue that defendant Schmidt's failure to ask the hearing officer to
23 consider plaintiff's mental health factors in the earlier prepared Mental Health Assessment Form
24 violated the Eighth Amendment.  The undersigned cannot determine whether plaintiff has stated a
25 potentially colorable Eighth Amendment claim because plaintiff does not describe the prison
26 disciplinary connected with the earlier prepared Mental Health Assessment Form.  Plaintiff does
27 not describe the punishment he received for this earlier prison disciplinary or how his mental
28 health was relevant to this disciplinary.  For these reasons, this claim against defendant Schmidt is

dismissed.

*Claim Three*

Plaintiff alleges that defendants Sac ICC and Hurd violated his First Amendment rights. As discussed above, Sac ICC is not a proper defendant. Accordingly, the undersigned herein considers plaintiff's claims against defendant Hurd only.

Plaintiff alleges that defendant Hurd violated his right to file prison grievances. Plaintiff alleges that on March 3, 2017, he told defendant Hurd that he was going to file a grievance after he was issued a rules violation report for refusing to be housed with inmate Burns. Defendant Hurd allegedly told plaintiff, "Good luck on that. We run the appeal system." Plaintiff alleges that he filed his grievance on March 5, 2017.

Plaintiff's claim against defendant Hurd is unclear. Plaintiff does not allege, for example, that defendant Hurd interfered with his grievance. In any event, plaintiff has no constitutionally protected interest in the prison's grievance system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (alleged constitutional violation in the processing of inmate's appeals insufficient to state a claim). Because the undersigned cannot determine the grounds of plaintiff's claim against defendant Hurd, claim three against defendant Hurd is dismissed.

*Claim Four*

Plaintiff alleges that defendant Virga, Macomber, Sac ICC, Lynch, Hinrichs, Rustad, Heise, Hurd and Strohmaier violated his Fourteenth Amendment right to have unbiased officers conduct his rules violation hearings. Plaintiff also alleges that these defendants allowed him to be discriminated against, as a disabled inmate, during the rules violations hearings.

As discussed above, Sac ICC is not a proper defendant. Accordingly, claim four against defendant Sac ICC is dismissed.

In support of claim four, plaintiff alleges that defendant Rustad violated his right to an unbiased hearing officer when he refused to consider the fact that the official who approved the housing of plaintiff and inmate Williams failed to follow prison policy which required the prison official to first consider whether any restriction existed that would prevent such housing.

1 Plaintiff is alleging that defendant Rustad wrongly found him guilty of refusing to be
2 housed with inmate Williams. As discussed above, plaintiff was assessed 90 days of time credits
3 for this rules violation. A finding that defendant Rustad wrongly found plaintiff guilty on the
4 grounds alleged would imply the invalidity of plaintiff's disciplinary conviction. For this reason,
5 plaintiff's Fourteenth Amendment claim against defendant Rustad is barred by Heck and Edwards
6 unless the disciplinary conviction has been reversed, overturned or otherwise invalidated.

7 In the complaint, plaintiff alleges that on May 2, 2016, he was taken to Facility B where
8 he alerted defendant Heise to his mental and housing concerns. Defendant Heise put plaintiff
9 back in ad seg and falsely wrote that he did so because plaintiff told him that he had enemy
10 concerns. Investigating employee Hammon investigated the allegations and found that plaintiff
11 had no enemy concerns. On May 17, 2016, defendant Strohmaier issued plaintiff a rules violation
12 report accusing him of refusing a cellmate.

13 While plaintiff alleges that defendant Heise wrote a report falsely stating that plaintiff had
14 enemy concerns, which were investigated and found to be untrue, it is unclear how the writing of
15 this report violated plaintiff's constitutional rights. Plaintiff appears to have suffered no injury as
16 a result of defendant Heise's report. Accordingly, the claim against defendant Heise is dismissed.

17 Plaintiff alleges that defendant Strohmaier issued a rules violation report accusing him of
18 refusing a cellmate. Plaintiff does not describe the outcome of the charges filed by defendant
19 Strohmaier. A procedural due process claim arising out of a false disciplinary report fails if the
20 inmate received particular procedural protections. See Freeman v. Rideout, 808 F.2d 949 (2nd
21 Cir. 1986.) Plaintiff has not pled sufficient facts in order for the undersigned to determine
22 whether plaintiff has stated a potentially colorable due process claim against defendant
23 Strohmeier. Accordingly, this claim is dismissed.

24 Plaintiff alleges that defendants Hinrich and Lynch violated his rights by finding that only
25 inmates with a history of in cell violence or predatory behavior were entitled to single cell status,
26 and failed to consider his mental health status. The complaint includes no specific allegations
27 against defendants Hinrich and Lynch. Plaintiff does not specifically allege when these
28 defendants found him ineligible for single cell status. Because plaintiff has failed to link

11

defendants Hinrich and Lynch to the alleged deprivations, claim four against these defendants is dismissed.

Plaintiff alleges that defendant Virga also failed to consider his mental health status when ordering him to be single celled.  In the discussion of claim one above, the undersigned addressed plaintiff's only allegations against defendant Virga.  For the reasons discussed above, plaintiff has not plead sufficient facts demonstrating that defendant Virga failed to take into account plaintiff's mental health status when denying his request for single cell status.

The claims against defendants Macomber and Hurd alleged in claim four appear to be based on the claims alleged against these defendants in claims one, two and three.  For the reasons discussed above, claim four against defendants Macomber and Hurd is dismissed.

*Claim Five*

Plaintiff alleges that defendant Virga, Macomber, Sac ICC, Schmitt, CDCR and CDCR Director violated his rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act.  Plaintiff alleges that defendants violated the ADA and Rehabilitation Act by denying him single cell status or a regular bunk bed (instead of side by side beds).  Plaintiff alleges that as a result of not having single cell status or a regular bunk bed, he was excluded from participation in or denied the benefits of prison services, program and activities.

At the outset, the undersigned finds that Sac ICC is not a proper defendant as it is neither an individual nor a state agency.  Accordingly, claim five against defendant Sac ICC is dismissed.

Plaintiff's Rehabilitation Act and ADA claims against the individual defendants in their individual capacities are not permitted.  See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).  Because plaintiff sues these defendants in their official capacities, he is not entitled to monetary damages against them.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities.").

Plaintiff's Rehabilitation Act and ADA claim for damages and injunctive relief against defendant CDCR, a state agency, is not barred by the Eleventh Amendment.  See United States v. Georgia, 546 U.S. 151, 154 (2006).

Both the ADA and section 504 of the Rehabilitation Act prohibit discrimination on the basis of disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). To establish discrimination under the ADA, a plaintiff must show that: "(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs or activities, and (3) such exclusion or discrimination was by reason of [his] disability." Id. To establish a violation of section 504, he must show that "(1) he is handicapped within the meaning of the [Rehabilitation Act]; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Ninth Circuit precedent is clear that "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010). "[T]he same is true for section 504 of the [RA][.]" Figueira ex rel. Castillo v. Cty. of Sutter, 2015 WL 6449151, at *9 (E.D. Cal. Oct. 23, 2015); see also Tandel v. Cty. of Sacramento, 2015 WL 1291377, at *18 (E.D. Cal. Mar. 20, 2015). Simply put, "[i]nadequate treatment or lack of treatment for Plaintiff's medical condition *does not in itself* suffice to create liability under either statutory scheme." Tandel, 2015 WL 1291377, at *18 (emphasis added). "Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld by reason of a disability." Marlor v. Madison Cty., Idaho, 50 Fed.Appx. 872, 873 (9th Cir. 2002) (emphasis retained); see also McNally v. Prison Health Servs., 46 F. Supp. 2d 49, 58 (D. Me. 1999) (denying the defendant's motion for summary judgment on the plaintiff's ADA claim where the plaintiff introduced evidence in support of his contention that he was "discriminated against ... because of his HIV-positive status, not by providing him with inadequate care, but by denying him immediate access to prescribed medications, a service provided to detainees in need of prescriptions for other illnesses").

Plaintiff has not stated potentially colorable ADA and Rehabilitation Act claims because his claim alleging denial of access to a single cell based on mental illness challenges a condition of confinement. Plaintiff does not allege discrimination because of a disability. Moreover, while

13

plaintiff generally alleges that he was denied access to programs, services and activities because he was not granted single cell status, he does not identify these programs. Plaintiff also does not describe how access to any particular program was caused by his failure to receive single cell status. Accordingly, plaintiff's Rehabilitation Act and ADA claims are dismissed.

*Claim Six*

Plaintiff alleges that defendant CDCR violated his constitutional rights by denying his requests for single cell status and allowing him to be housed in a cell with side by side beds. Plaintiff's civil rights claims for damages and injunctive relief against defendant CDCR are barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment bars federal damages actions against a state and its entities); Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity).

*Conclusion*

For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend. If plaintiff files an amended complaint, he may not rely on exhibits to state his claims. In addition, if plaintiff is challenging his failure to receive single cell status and being placed in cells with side by side beds, he shall name as defendants those individuals who denied his requests for single cell status or who ordered him to be housed in cells with side by side beds. In the amended complaint, plaintiff must specifically describe the actions of the named defendants that led to the alleged deprivations.

In addition, plaintiff's complaint is 42 pages long. It is clear that plaintiff can state his claims in a significantly shorter amended complaint. Accordingly, the amended complaint may be no longer than 20 pages.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is

some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

*Motion for Injunctive Relief*

As discussed above, plaintiff filed a motion for injunctive relief with his complaint. (ECF No. 3.) In this motion, plaintiff alleges that prison officials at CSP-Sac violated his constitutional rights by failing to treat his mental illness. Plaintiff alleges that since his transfer to Lancaster, he has received no rules violations because he was granted single cell status and received mental health care. Plaintiff requests that prison officials be prevented from revoking his single cell status. Plaintiff also requests that his rules violations reports for refusing a cellmate be rescinded.

"A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

2009), citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff does not allege that Lancaster officials intend to revoke his single cell status. Instead, plaintiff appears to request that prison officials at CSP-Sac be ordered to grant him single cell status, should he be returned. However, because plaintiff is no longer housed at CSP-Sac, where the alleged deprivations occurred, plaintiff' request for injunctive relief is moot. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); see also Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (concluding prisoner's claims for injunctive relief were moot because prisoner was transferred to a different facility); Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir. 1986) (same). Although there is an exception to mootness for situations that are "capable of repetition yet evading review," United States v. Brandau, 578 F.3d 1064, 1067 (9th Cir. 2009), the slight possibility that plaintiff could be transferred back to CSP-Sac is generally not substantial enough to warrant application of this exception. See Dilley v. Gunn, 64 F.3d at 1368 (concluding prisoner's "claim that he might be transferred back [to the same prison] some time in the future [was] 'too speculative' to prevent mootness").

Plaintiff also requests that his prison disciplinary convictions for refusing cellmates be rescinded. For the reasons discussed above, plaintiff has not demonstrated a likelihood of success as to the merits of his claims challenging his prison disciplinary convictions for refusing cellmates. For this reason, plaintiff's request for rescission of these prison disciplinary convictions as preliminary injunctive relief is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. Plaintiff's motion for injunctive relief (ECF No. 3) is denied.

Dated: July 27, 2017

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cole851.14

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  ROBERT COLEMAN,                    No.  2:  17-cv-0851 KJN P
12              Plaintiff,
13        v.                            NOTICE OF AMENDMENT
14  T. VIRGA, et al.,
15              Defendants.
16
17        Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19              _____      Amended Complaint
    DATED:
20
21                                    _____
                                      Plaintiff
22