UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>T. VIRGA, et al.,<br><br>    Defendants. | No. 2: 17-cv-0851 KJM KJN P<br><br><br>ORDER |

On November 13, 2018, defendants filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12, and on the grounds that some of plaintiff's claims are barred by the doctrine of res judicata. (ECF No. 41.) On December 10, 2018, plaintiff filed an opposition to defendants' motion. (ECF No. 43.) Plaintiff's only argument in his opposition is that defendants' motion is untimely.

For the reasons stated herein, the undersigned finds that defendants' motion to dismiss is not untimely. Plaintiff is ordered to show cause why his failure to address the merits of defendants' motion should not be deemed a waiver of opposition.

On October 11, 2018, the undersigned ordered defendants Walcott, Haring, Lynch, Virga, Walcott and Wright to file a response to the amended complaint within thirty days of the date of the order. (ECF No. 40.) On November 13, 2018, defendants filed the pending motion to dismiss. (ECF No. 41.)

As observed by defendants in the reply to plaintiff's opposition, thirty days from October 11, 2018 was November 10, 2018, a Saturday. The following Monday, November 12, 2018, was Veterans Day, a federal holiday. Under Federal Rule of Civil Procedure 6(a)(1)(C), defendants' time to respond to plaintiff's amended complaint ran "until the end of the next day that is not a Saturday, Sunday or legal holiday." Fed R. Civ. P. 6(a)(1)(C). Defendants' motion, filed November 13, 2018, is timely filed.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id. On March 14, 2018, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id. In the order filed March 14, 2018, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days from the date of this order, plaintiff shall file an opposition, if any, to the motion to dismiss. Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order.

////

////

////

Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated: May 14, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cole851.nop