UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. VIRGA, et al.,<br><br>　　　　Defendants. | No. 2: 17-cv-0851 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

Plaintiff's Motion for Omitted Counterclaim (ECF No. 50)

On June 28, 2019, plaintiff filed a motion "for omitted counterclaim to defendants' motion to dismiss." This motion is further briefing in support of plaintiff's opposition to defendants' motion to dismiss. On September 5, 2019, the court denied defendants' motion to dismiss. (ECF No. 56.) Because defendants' motion to dismiss is resolved, plaintiff's motion for omitted counterclaims is denied as unnecessary.

Plaintiff's Motion to Reinstate Motion to Compel (ECF No. 60)

On June 24, 2019, plaintiff filed a motion to compel. (ECF No. 49.) On July 3, 2019, the undersigned recommended that defendants' motion to dismiss be granted. (ECF No. 53.) Because the undersigned recommended that defendants' motion to dismiss be granted, the

undersigned denied plaintiff's motion to compel. (Id.) On September 5, 2019, the Honorable Kimberly J. Mueller denied defendants' motion to dismiss. (ECF No. 56.)

In the pending motion, plaintiff requests that his June 24, 2019 motion to compel be reinstated because defendants' motion to dismiss has been denied. (ECF No. 60). Good cause appearing, plaintiff's motion to reinstate the motion to compel is granted.

Plaintiff's Motion to Compel (ECF No. 49)

Plaintiff requests that the court order the Office of Administrative Hearings ("OAH"), a non-defendant, to provide him with his 2015 Keyea hearing transcript free of charge. (ECF No. 49.) Plaintiff previously requested his 2015 Keyhea hearing transcript from the OAH. (Id. at 6-9.) The OAH informed plaintiff that the cost of the transcript was $422. (Id.)

Although plaintiff proceeds in forma pauperis, the Supreme Court has made clear that "the expenditure of public funds is proper only when authorized by Congress[.]" United States v. MacCollom, 426 U.S. 317, 321 (1976). The in forma pauperis statue applicable to actions brought in federal court, 28 U.S.C. § 1915, permits a Court to authorize the commencement of an action without the prepayment of fees. See 28 U.S.C. § 1915(a)(1). The statute also allows for the payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court." 28 U.S.C. § 1915(c). Nothing in the statue authorizes payment of costs associated with discovery. See Tabron v. Grace, 6 F.3d 147, 158-59 (3rd Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989).

For the reasons discussed above, plaintiff's motion for an order compelling the OAH to provide him with his 2015 Keyhea hearing transcript free of charge is denied.

Plaintiff's Request for Subpoena (ECF No. 59)

On October 7, 2019, plaintiff filed a letter requesting that the Clerk of the Court send him a subpoena form so that he can obtain crucial information and tangible documents.

A subpoena may direct a non-party, pursuant to Federal Rule of Civil Procedure 45, to produce documents or other tangible objects for inspection. Plaintiff, proceeding in forma

pauperis, "is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d)." Heilman v. Lyons, 2010 WL 5168871 at *1 (E.D. Cal. Dec. 13, 2010).

Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." Austin v. Winett, 2008 WL 5213414 *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d). Limitations on a subpoena include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third-party. See, e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010). "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

Plaintiff's request for a subpoena is not well supported because plaintiff does not identify the documents sought by the subpoena or the non-party on whom it would be served. For these reasons, plaintiff's request for a subpoena is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for omitted counterclaim (ECF No. 50) is denied;
2. Plaintiff's motion to reinstate his motion to compel filed June 24, 2019 (ECF No. 60) is granted;
3. Plaintiff's motion to compel (ECF No. 49) is denied;
4. Plaintiff's request for a subpoena (ECF No. 59) is denied.

Dated: October 17, 2019

Cole851.tra

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3